# In the United States Court of Federal Claims

```
* * * * * * * * * * * * * * * * * * * * * * * * *
                                                 *
KENNETH J. SHREEVE, individually and             *
on behalf of all other similarly situated,       *
                                                 *
              Plaintiff,                         *
                                                 *     Case No. 09-567C
                                                 *
                                                 *     Senior Judge Smith
THE UNITED STATES,                               *
                                                 *     Filed: April 24, 2012
              Defendant.                         *
                                                 *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

## PRELIMINARY APPROVAL ORDER

On June 1, 2012, the Court heard Plaintiff's consent motion for preliminary approval of the class action settlement agreement. The Court reviewed the motion, including a Settlement Agreement dated as of April 19, 2012, which, together with the Exhibit attached thereto, sets forth the terms and conditions for a proposed settlement and dismissal of this matter with prejudice as to Defendant (the "Settlement Agreement"). Based upon this review, arguments of counsel and the findings below, the Court being fully advised in the premises, the Court finds good cause to grant the motion, and thus

**IT IS HEREBY ORDERED, DECREED, AND ADJUDGED AS FOLLOWS**:

1. Plaintiff has moved the Court for an order approving the settlement of the Action in accordance with the Settlement Agreement, which, together with the documents incorporated therein, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice, and the Court having read and considered the Settlement Agreement and having heard the parties and being fully advised in the premises, hereby preliminarily approves the Settlement Agreement in its entirety subject to the Final Approval Hearing referred to in paragraph 15 of this Order for purposes of deciding whether to grant final approval to the Settlement Agreement.

2. For purposes of settlement only: (a) John G. Jacobs and Bryan G. Kolton of Jacobs Kolton, Chartered and James Bradtke of Soule, Bradtke & Lambert are appointed Class Counsel for the Settlement Class; and (b) Kenneth J. Shreeve is appointed Class Representative.

3. For purposes of settlement only, the Court certifies the following class ("the Settlement

Class"): all employees who worked for the Army and Air Force Exchange Service (AAFES) overseas at any point after September 1, 2003, up to April 19, 2012; (1) who were United States citizens; (2) who were not classified by AAFES as regular full-time employees; (3) who worked at least 70 hours per pay period for 24 pay periods out of any consecutive 26 pay periods; and (4) did not receive a post allowance for all such pay periods.

      4. The Court finds, subject to the Final Approval Hearing referred to in Paragraph 15 below, that the Settlement Agreement is fundamentally fair, adequate, and reasonable, and, solely within the context of and for the purposes of settlement only, that the Settlement Class satisfies each of the requirements of Rule 23 of the Rules of the Court of Federal Claims (RCFC), specifically, that: the Class is so numerous that joinder of all members is impracticable; there are questions of law and fact common to the Class; the claims of the Class Representative are typical of the claims of the Class; the Class Representative will fairly and adequately protect the interests of the Class; common questions of law or fact predominate over questions affecting individual members; and a class action is a superior method for fairly and efficiently adjudicating the action.

      5. The Court finds that the parties entered into the Settlement Agreement in good faith.

      6. Should the Settlement Agreement not receive the Court's final approval or should approval be reversed on appeal, the Court's grant of class certification and findings shall be vacated, and the Class Representatives and the Settlement Class would once again bear the burden of establishing the propriety of class certification. In such case, neither the certification of the Settlement Class for settlement purposes, nor any other act relating to the negotiation or execution of the Settlement Agreement shall be considered as a factor in connection with any class certification issue(s).

      7. The Court approves, as to form, manner and content, the Notice Plan specified in paragraph 9 of the Settlement Agreement, and finds that the distribution of the Class Notice and Claim Form in the manner set forth in this paragraph 8 of this Order and the provision for notice set out in paragraph 9 of the Settlement Agreement constitute valid, due and sufficient notice to all persons entitled thereto, that such notice is the best notice practicable under the circumstances and that it constitutes due and sufficient notice to all persons entitled thereto and complies fully with the requirements of RCFC 23 and of Due Process. The parties, by agreement, may revise the Notices, Claim Forms and other exhibits to the Settlement Agreement in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy.

      8. The Court approves the request for the appointment of McGladrey & Pullen, LLP as Settlement Administrator to perform the functions set out in the Settlement Agreement.

      9. The Settlement Administrator is directed to cause Email and postal notice to be provided to potential class members in accordance with Paragraph 9 of the Settlement Agreement. The date the Settlement Administrator completes this postal and email notice, which shall be within 30 days of the entry of this order, shall be known as "the Notice Date." Within twenty-one days of this Order, the Settlement Administrator shall establish a web site, supported by Google Adwords, containing a copy of the notice. Such website shall allow for online claims

filing. Beginning within thirty days of this order, AAFES will publish a link on its web site to the Settlement Administrator's web site. Within 21 days of the entry of this order, the Settlement Administrator will arrange to publish a copy of the notice in at least two issues of *Stars and Stripes* as soon as practicable.

10. Settlement Class Members who wish to opt into the settlement and receive benefits under the Settlement Agreement must complete and submit a Claim Form in accordance with the instructions contained therein, substantially in the form attached hereto as Exhibit A. All Claim Forms must be postmarked or received by the Settlement Administrator no later than 180 days after the Notice Date, (the "Claims Deadline Date").

11. Any Settlement Class Member who timely opts in to the settlement class who intends to object to the fairness, reasonableness, or adequacy of the Settlement Agreement (hereinafter "Objections") or to a judgment being entered dismissing the Action with prejudice in accordance with the terms of the Settlement Agreement, or to the attorneys' fees and expense reimbursement sought by Class Counsel in the amounts specified in the Notice, or to the award to the Class Representative as set forth in the Notice and the Settlement Agreement, must sign and file a written Objection no later than sixty days after the Notice Date ("the Objection Deadline").

12. Any Objections must be filed with the Court and at the same time sent to Class Counsel, John G. Jacobs, Jacobs Kolton, Chtd., 122 South Michigan Avenue, Suite 1850, Chicago, Illinois 60603, , and also to Defendant's Counsel, Michael N. O'Connell, Commercial Litigation Branch, Civil Division, U.S. Dept. of Justice, P.O. Box 380, Ben Franklin Station, Washington, D.C. 20044, no later than the Opt-In/Objection Deadline.

13. Settlement Class Members making Objections must set forth their full name, current address, and telephone number. Objecting Settlement Class Members must provide evidence of their membership in the Settlement Class, state in writing all Objections and the reasons therefor, provide copies of any documents relied upon for such Objections, and include a statement as to whether the Objector intends to appear at the Final Approval Hearing and whether he or she is represented by separate legal counsel and identify such counsel. Settlement Class Members who fail to file and to serve timely written objections in substantial compliance with the requirements of this paragraph shall be deemed to have waived any Objections and shall be foreclosed from making any Objections (whether by appeal or otherwise) to the Settlement Agreement or to any of the subjects listed in paragraph 15 below.

14. The Final Approval Hearing shall be held before this Court on, October 11, 2012 at 3:00 P.M. EDT by telephone.  At the hearing the Court shall determine (a) whether the proposed settlement of the Action on the terms and conditions provided in the Settlement Agreement is fair, reasonable and adequate and should be given final approval by the Court; (b) whether a judgment and order of dismissal with prejudice should be entered; (c) whether to approve the payment of attorneys' fees, costs and expenses to Class Counsel; and (d) whether to approve the payment of an incentive award to the Class Representative. The Court may adjourn or continue the Final Approval Hearing without further notice to members of the Settlement Class.

  15. All further proceedings in the Action are ordered suspended until the Court rules upon the request for final approval of the Settlement Agreement, except for those matters necessary to obtain or to effectuate final approval of the Settlement Agreement.

  16. Settlement Class Members shall be bound by all determinations and judgments in the Action concerning the Action and/or Settlement Agreement, whether favorable or unfavorable.

  17. If the Settlement Agreement is not approved by the Court in complete accordance with its terms, each party will have the option of having the Action revert to its status as if the Settlement Agreement had not been negotiated, made, or filed with the Court. In such event, the parties will retain all rights as if the Settlement Agreement was never agreed upon.

  18. In the event that for any reason whatsoever the approval of the Settlement Agreement herein does not become Final then (i) the Settlement Agreement shall be null and void, including any provision related to the award of attorneys' fees, and shall have no further force and effect with respect to any party in this Action, and shall not be used in this Action or in any other proceeding for any purpose; (ii) all negotiations, proceedings, documents prepared, and statements made in connection therewith shall be without prejudice to any person or party hereto, shall not be deemed or construed to be an admission by any party of any act, matter, or proposition, and shall not be used in any manner or for any purpose in any subsequent proceeding in this Action or in any other action in any court or other proceeding, provided, however, that the termination of the Settlement Agreement shall not shield from subsequent discovery any factual information provided in connection with the negotiation of the Settlement Agreement that would ordinarily be discoverable but for the attempted settlement; and (iii) other than as expressly preserved by the Settlement Agreement in the event of its termination, the Settlement Agreement shall have no further force and effect with respect to any party and shall not be used in the Action or any other proceeding for any purpose.

  **It is so ORDERED.**

                     s/Loren A. Smith  
                     LOREN A. SMITH  
                     SENIOR JUDGE