# In the United States Court of Federal Claims

```
* * * * * * * * * * * * * * * * * * * * * * * *
                                               *
KENNETH J. SHREEVE, individually and           *
on behalf of all others similarly situated,    *
                                               *
                    Plaintiff,                 *    Case Number 09-567 C
                                               *
v.                                             *    Senior Judge Loren A. Smith
                                               *
                                               *    Filed: October 11, 2012
THE UNITED STATES,                             *
                                               *
                    Defendant.                 *
                                               *
* * * * * * * * * * * * * * * * * * * * * * * *
```

### FINAL APPROVAL ORDER

This matter now comes before the Court for hearing, pursuant to Rule 23(e) of the Rules of the United States Court of Federal Claims ("RCFC"), on Plaintiff's Consent Motion for Final Approval of Class Action Settlement Agreement. The Court has reviewed the motion and supporting papers, including a Settlement Agreement dated as of April 19, 2012 which, together with the Exhibit attached thereto, sets forth the terms and conditions for the proposed settlement of this matter (the "Settlement Agreement"). Based upon this review, arguments of counsel and the findings below, the Court being fully advised in the premises finds good cause to grant the motion, and thus

**IT IS HEREBY ORDERED, DECREED, AND ADJUDGED AS FOLLOWS:**

1. The Court has jurisdiction over the subject matter of this Action, the Parties, and all Settlement Class Members and all Persons who obtain releases as a result of this settlement.

2. As confirmed by the declarations filed with the Court by McGladrey, LLP, the Court-appointed Settlement Administrator, and Class Counsel, the Notice Plan was implemented as directed by the Preliminary Approval Order and Settlement Agreement: (a) McGladrey sent direct notice of the settlement via U.S. Mail to all class members' last known postal addresses as

provided by AAFES from its records and updated by search firm Accurint; (b) McGladrey sent direct notice of the settlement to the email addresses of all Settlement Class Members for whom AAFES had email addresses, which resulted in emails being sent to some 352 class members; (c) Internet notice was given through a class action settlement website, www.AAFESPostAllowanceSettlement.com, established and maintained by McGladrey and supported by Google AdWords, which website contained a copy of the notice; (d) notice was published in full-page notices in two issues of *Stars and Stripe*; and (e) AAFES put a link on its website, www.shopmyexchange.com, linking the reader to the settlement website.

3. The notice of the settlement pursuant to the Preliminary Approval Order and the Settlement Agreement was the best notice practicable under the circumstances and constituted due, sufficient and reasonable notice to the Class and complied fully with the requirements of Rule 23 of the Rules of the Court of Federal Claims ("RCFC") and of Due Process. The Notice apprised the class of the items required by RCFC 23(c)(2)(B), the key terms of the Settlement, Class Counsel's request for attorneys' fees and expenses and Class Representative incentive award, and Class Members' right to object to the Settlement and/or to Class Counsel's request for payment of attorneys' fees and/or the request for a Class Representative incentive award.

4. Under RCFC 23(e), a class action may be settled only with the court's approval. RCFC 23(e). The Court may approve the settlement only after finding that the proposed settlement is fair, reasonable, and adequate. RCFC 23(e)(2). In general, "[s]ettlement is always favored," especially in class actions where the avoidance of formal litigation can save valuable time and resources. *Sabo v. United States*, 102 Fed.Cl. 619, 626 (Fed. Cl. 2011). "Settlement proposals enjoy a presumption of fairness afforded by a court's preliminary fairness determination." *Sabo*, 102 Fed.Cl. at 626. The Court previously found, subject to a final determination, that the Settlement was fair, adequate, and reasonable. The Court hereby gives final approval to the Settlement Agreement and finds that the Settlement Agreement is, in all respects, fair, reasonable, adequate and in the best interests of the Class pursuant to Rule 23(e) of the Rules of the Court of Federal Claims ("RCFC") and hereby directs that it shall be effectuated in accordance with its terms. The Settlement Agreement and every term and provision thereof shall be deemed incorporated herein as if explicitly set forth, and shall have the full force of an Order of this Court. The Court finds that the settlement is the product of good faith negotiations at arm's length, and is not the product of fraud or collusion.

Specifically, the Court finds that final approval of the Settlement is warranted in light of the following additional factors:

A. the relative strengths of plaintiff's case compared to the proposed settlement;

B. the recommendation of the counsel for the class regarding the proposed settlement, taking into account the adequacy of class counsels' representation of the class;

C. the reaction of the class members to the proposed settlement, taking into account the adequacy of notice to the class members of the settlement terms;

D. the fairness of the settlement to the entire class;

E. the fairness of the provision for attorney fees; and

F. the ability of the defendants to withstand a greater judgment, taking into account whether the defendant is a governmental actor or a private entity.

5. The Court approves Class Counsel's request, pursuant to Rules 23(h) and 54(d)(2) for an award of reasonable attorneys' fees and expenses. The Court finds and determines that the payment to Class Counsel in the amount of $1,150,000 in attorneys' fees and litigation costs and expenses, is fair and reasonable. The Court hereby gives final approval to and orders that payment of that amount be made to Class Counsel out of the Settlement Fund in accordance with the terms of the Settlement Agreement. Payment of attorneys' fees is authorized by law and by the parties' agreement. The Settlement Agreement provides that attorneys' fees may be paid out of the common settlement fund and such fees are authorized by law "on the equitable notion that lawyers are entitled to reasonable compensation for their professional services from those who accept the fruits of their labors." *Moore v. United States*, 63 Fed.Cl. 781, 786 (Fed. Cl. 2005).

On a percentage-of-the-fund basis, the amount of attorneys' fees awarded here is less than the typical one-third of the recovery awarded in class actions (and includes $3,813.28 in reimbursable expenses for which no separate payment has been sought). *Moore*, 63 Fed.Cl. at 786 (approving attorneys' fee award of $1.6 million representing 34% of class action settlement fund and finding that "one-third is a typical recovery."); 4 Newberg on Class Actions § 14:6 (4th ed.) ("fee awards in class actions average around one-third of the recovery."). It is also less than the amount that the Class was told Counsel would seek for attorneys' fees to compensate them for their efforts in investigating the facts, litigating the case, negotiating the settlement, and implementing the settlement on behalf of the Class and for their risk in undertaking this representation on a purely contingent basis (and as to which no class member objected). Specifically, the Court finds that the reasonableness of the fees is supported by the following factors: (1) the quality of counsel; (2) the complexity and duration of the litigation; (3) the risk of nonrecovery; (4) the fee that likely would have been negotiated between private parties in similar cases; (5) lack of any class member objections to the fees requested by class counsel; (6) the percentage applied in other class actions; and (7) the size of the award.

6. The Court finds and determines that an award of $10,000 to Kenneth J. Shreeve for his services as the Class Representatives, in addition to any amounts that may be paid to him

as a Class Member, is fair and reasonable. The Court hereby gives final approval to and orders that payment of such amount be made to Mr. Shreeve out of the Settlement Fund in accordance with the terms of the Settlement Agreement. Such payment is appropriate compensation for his time and effort and risks incurred in serving as the class representative in this litigation and achieving the benefits for the class (none of whom has objected to such an award).

7. The Court hereby finds and determines that payment to McGladrey in an amount not to exceed $225,000 for costs of notice and settlement administration, is fair and reasonable and gives final approval to and orders that payment of McGladrey's final bill not to exceed such amount be made to McGladrey out of the Settlement Fund in accordance with the terms of the Settlement Agreement.

8. The settlement agreement constitutes a full and complete release of all claims brought, or that could have been brought against the United States, or any other agencies or instrumentalities of the United States, including AAFES, or any agents, employees, or officers thereof, arising from the subject matter of the litigation with respect to class members who opted in to the settlement. Each such class member employed or formerly employed by AAFES, releases, waives and abandons any and all claims, causes of actions, and demands, whether known or unknown, whether arising in law or in equity, jointly or several, which they, their heirs, executors, administrators or assignees may have or hereafter acquire against the defendants or any of its agencies, departments, officers, agents or employees on account of payment or non-payment of post allowances, whether or not asserted in this lawsuit.

9. Without affecting the finality of this Final Approval Order, this Court retains exclusive and continuing jurisdiction as to all matters relating to the implementation, administration, consummation, enforcement and interpretation of the Settlement and/or the Settlement Agreement, including the Releases contained therein, and any other matters related or ancillary to the foregoing; and over all Parties hereto, including Settlement Class Members and any person who is released, for the purpose of enforcing and administering the Settlement Agreement and the Action until each and every act agreed to be performed by the Parties has been performed pursuant to the Settlement Agreement.

**It is so ORDERED**.

        s/Loren A. Smith
        LOREN A. SMITH
        Senior Judge